399 P.2d 955

**STATE of Idaho, Plaintiff-Respondent,**
**v.**
**Floyd L. CLARK, Defendant-Appellant.**
**No. 9468.**

Supreme Court of Idaho.

March 12, 1965.

Roberts & Poole, Boise, for appellant.

Allan G. Shepard, Atty. Gen., Thomas G. Nelson, Asst. Atty. Gen., Robert M. Turnbow, Sp. Asst. Atty. Gen., and Martin V. Huff, Pros. Atty., Ada County, Boise, for respondent.

KNUDSON, Justice.

This is a criminal action prosecuted by respondent, State of Idaho, under an amended complaint charging appellant, Floyd L. Clark, with violation of the Ada County Subdivision Ordinance hereinafter referred to as the "Ordinance".

The complaint in substance charges that from and after September 22, 1961, until the dates hereinafter mentioned, appellant and his wife were the owners of a tract of land 160′ × 126.62′ in Lot 6 of Ramkin Tract, situate within the unincorporated territory of Ada County, Idaho; that on or about April 3, 1962, appellant sold and transferred a portion of said tract, being 50′ × 126.62′ to Glenna R. Shannahan; that thereafter and on April 27, 1962, appellant unlawfully subdivided another portion of the first above described tract by selling and transferring therefrom a tract 50′ × 126.62′ to one Robert E. Phillips and wife; that appellant's said action in subdividing his said land into two or more lots or parcels within an interval of six months for the purpose of transfer of ownership or building development, without submitting plans of such subdivision to the Ada Coun-

ty Zoning Commission for approval constituted a violation of said Ordinance and that appellant is punishable as provided therein.

The facts are not in dispute. Appellant filed demurrer to the complaint and pursuant to stipulation of the parties the case was submitted to the trial court on questions of law. The court found appellant guilty of a violation of said Ordinance and entered judgment assessing a fine in the amount of $75 and costs. This appeal is taken from said judgment on questions of law.

Appellant specifies two assignments of error: (1) that the district court erred in overruling appellant's demurrer to the amended complaint which challenges the sufficiency of the complaint on the ground that the facts stated therein did not constitute a public offense; (2) that the district court erred in entering the judgment of conviction.

The Ordinance involved was adopted by the Chairman and Board of County Commissioners of Ada County, Idaho and declared to be in effect on September 28, 1958. It generally contains regulations relating to the subdivision of lands within the unincorporated area of Ada County. The Ordinance specifically provides definitions, rules and regulations for the approval of plats, subdivisions, or dedications; prescribes standards for the design, layout and development thereof; requires certain improvements; provides procedure for the approval or disapproval thereof; provides for the granting of variations and exceptions thereto; provides for a penalty for the violation thereof and for appeal.

■ Appellant contends that the amended complaint is defective in that it fails to allege facts constituting a subdivision of appellant's land in accordance with the definition of a subdivision as contained in the Ordinance involved. He argues that "the only acts of appellant complained of are that he sold two separate parcels of the same piece of property." This contention is without merit. Section 3.21 of the Ordinance defines "subdivision" as "the division of a parcel of land into three (3) or more lots or parcels for the purpose of transfer of ownership or building development, or * * *." The amended complaint, after describing the two parcels involved, alleges the sale thereof by appellant "within an interval of six months, for the purpose of transfer of ownership or building development" without any attempt being made by appellant to comply with said Ordinance.

One of appellant's principal contentions is that the Ordinance is unconstitutional for the reason that the County Commissioners have made an improper delegation of legislative authority to an administrative board and commission. Appellant specifically refers to sections 4.12 and 4.341 of the Ordinance as instances of the improper delegation by the Board of County Commis-

sioners of its legislative functions. Section 4.12 provides:

"4.12 Within ten (10) days, the Administrator shall inform the subdivider that the proposed plan and data as submitted or as modified do or do not meet the objectives of these regulations. When the Administrator finds the plans and data do not meet the objectives of these regulations, he shall submit in writing his reasons therefor."

Appellant argues that under this provision discretionary power is delegated to an administrator to determine the objective of the Ordinance and what shall and shall not constitute a compliance with the law, and does not set forth sufficient standards to guide the administrator in making his determination. Such contention is not well founded for the reason that the general objectives sought by the Ordinance are stated with clarity in its preliminary recitals and that design standards for plans and plats, subdivision, street and utility improvements, etc., are specified in substantial detail.

Appellant contends that section 4.341 of the Ordinance leaves approval of the property owner's plans to the whimsical power of unidentified officials or at the mercy of "administrative officials". Said section provides:

"4.341 Within the said Forty-five (45) days prior the Commission shall

also secure the approval and signatures of such other officials as prescribed by law prior to filing the final plat for recording; or in the event such official deems fit to disapprove said plat, the Commission shall secure or attempt to secure a written statement from the official as to the reasons for disapproval and shall pass copies of such statement to the Subdivider."

Concerning this contention the trial court correctly observed that appellant overlooks the modifying phrase "as prescribed by law". From the language used it is clear that the approval of only those officials whose duty it is to examine a plan or plat before it is recorded, is required. In this connection attention is called to I.C. § 50-2503A, which requires that all plats, or deeds dedicating land to a public use, affecting land situate within one mile outside of the limits of any incorporated city or village, shall be approved by the council or trustees of such city or village before the same may be recorded.

Cases involving challenges of unlawful delegation of legislative authority have been considered by this court a number of times. In State v. Heitz, 72 Idaho 107, 238 P.2d 439, this court stated:

"A legislature, or other law-making body, in enacting a law complete in itself, designed to accomplish the regulation of particular matters falling with-

in its jurisdiction may expressly authorize an administrative commission (in this case the Commissioner of Public Works) within definite limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose, * * *."

See also State v. Taylor, 58 Idaho 656, 78 P.2d 125; Howard v. Missman, 81 Idaho 82, 337 P.2d 592. We are satisfied that the Ordinance does not improperly delegate legislative power to any person or body. Nor do we agree with appellant's contention that said section is ambiguous or uncertain.

Another of appellant's principal contentions is that by adopting the subject Ordinance, the Ada County Board of Commissioners acted in excess of the authority granted them by the 1957 Idaho Legislature and said Ordinance is ultra vires and void. Appellant predicates his argument upon the assumption that no authority existed prior to the enactment of I. C. Title 31 Chap. 38 (being Chap. 225 of the Idaho Session Laws 1957) enabling a county of this state to enact regulations covering either the zoning or subdivision of lands within the unincorporated area of such county.

Appellant presented a similar contention to the trial court in support of his demurrer. However, the court did not discuss the authority conferred by such legislation and concurred in the view expressed by respondent that counties in this state need not and do not rely solely upon the legislature for authority to enact such regulations under the police power; that this authority is found in the constitution of this state and in the absence of a definite conflict with the general laws such regulations are fully authorized. The provision referred to is Idaho Constitution, Art. 12, Sec. 2, which provides:

"Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

This constitutional provision was considered by this court in State v. Musser, 67 Idaho 214, 176 P.2d 199, wherein it is stated:

"Under the above constitutional provision counties, cities and towns have full power in affairs of local government notwithstanding general laws of the state defining and punishing the same offense. Session Laws, 1939, chap. 215, sec. 6, p. 441; McQuillan Mun. Corp., 2d Ed., sec. 795, p. 962; City of Delta v. Charlesworth, 64 Colo. 216, 170 P. 965; State v. Quong [8 Idaho 191, 67 P. 491], supra; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; State v. Robbins, 59 Idaho 279, 81 P.2d 1078; State

v. Hart [66 Idaho 217] 157 P.2d 72; Clark v. Alloway [67 Idaho 32] 170 P.2d 425; People v. Velarde, 45 Cal. App. 520, 188 P. 59.

"In 14 Cal.Jur. sec. 8, p. 726, referring to a constitutional provision practically identical with Article 12, section 2, supra, it is stated: 'This power, vested by direct grant, is as broad as that vested in the legislature itself, subject to two exceptions: it must be local to the county or municipality and must not conflict with general laws. * * *'"

In Gartland v. Talbott, 72 Idaho 125, 237 P.2d 1067, this court also stated:

"Also, to be considered is § 2 of Art. 12 of the State Constitution, which is a direct grant of police power to the counties and municipalities of the state, subject to the limitation that such power shall not be exercised in conflict with 'the general laws.' Under this provision the counties and cities of this state are not limited to police powers granted by the legislature, but may make and enforce, within their respective limits, all such police regulations as are not in conflict with the general law. * * *"

A county has authority to make police regulations not in conflict with the general laws, co-equal with the authority of the legislature to pass general police laws. Clyde Hess Distributing Co. v. Bonne-

ville County, 69 Idaho 505, 210 P.2d 798; Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

Among the preliminary recitals in the Ordinance involved it is provided as follows:

"BE IT ORDAINED BY THE CHAIRMAN AND THE BOARD OF COUNTY COMMISSIONERS OF ADA COUNTY, IDAHO:

"Pursuant to authority conferred by Title 31, Chapter 38, Idaho Code, and by Title 50, Chapter 25, Idaho Code, and Title 31, Chapter 8, Idaho Code, and to provide $_{0}$ for the harmonious urban development of the County, the coordination of streets, the adequate open spaces for traffic, recreation, light and air, and generally to provide for the health, safety, convenience, welfare, and morals of the public in subdivision of land, it is hereby Ordained:"

This recital justifies appellant's extended discussion of the authority conferred by the chapters referred to therein. However, notwithstanding the fact that the Board of Commissioners may have in part misconceived the source of its power to enact the Ordinance in question, this does not invalidate it. The general applicable rule is stated in 62 C.J.S. Municipal Corporations Sec. 414 c, p. 791 as follows:

374

"In the absence of a statutory requirement, it is not essential to the validity of an ordinance that it should indicate or mention the statute or charter provision by virtue of which the council derives its power to pass the ordinance; this power may be presumed until the contrary is shown. If two powers exist, the enactment may be imputed to either. Even a misrecital in an ordinance of the source of the power by which the ordinance is passed does not invalidate it if in point of fact the power to enact it existed."
Missouri-Kansas-Texas R. Co. v. Maltsberger (1941), 189 Okl. 363, 116 P.2d 977; City of Waco v. McCraw (1936), 127 Tex. 268, 93 S.W.2d 717.

Section 11 of Article XI of the Constitution of the State of California is almost identical to said section 2 of our Constitution. It provides:

"Sec. 11. Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws."
This provision was construed by the Supreme Court of California in Pasadena School Dist. v. City of Pasadena (1913), 166 Cal. 7, 134 P. 985, 47 L.R.A.,N.S. 892, wherein the court stated:

"Under the Constitution of this state (section 11, art. 11) power is conferred upon every county, city, town, or township to make and enforce within its limits all such local police, sanitary, and other regulations as are not in conflict with general laws. Under this constitutional provision the city of Pasadena is vested with authority to make any such reasonable local police regulations as its legislative body may deem advisable, controlled only by the limitation that they must not conflict with any general laws enacted by the Legislature on the subject. As said in Ex parte Campbell, 74 Cal. 20, 26, 15 Pac. 318, 321 (5 Am.St.Rep. 418): 'Section 11 of article 11 is itself a charter for each county, city, town, and township in the state, so far as its local regulations are concerned; and nothing less than a positive and general law upon the same subject can be said to create a conflict within the meaning of that section.'"

■ From a review of the cases construing such constitutional provision it may be said that there are three general restrictions which apply to legislation under the authority conferred by such provision: (1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same, (2) it must not be in conflict with other general laws of the state, and (3) it must not be an unreasonable or arbitrary enactment.

No question is here presented as to the first above mentioned restriction. The Ordinance in question is restricted solely to Ada County by the following quoted sections contained therein:

"2.1 These regulations are adopted for the purpose of protecting property values, furthering the health, safety and general welfare of the people of the community, and to provide uniform standards for the subdivision of land in Ada County, Idaho.

"2.2 These regulations shall apply to the subdivision of all land within the unincorporated territory of Ada County."

Nor is there any contention that the second mentioned requirement has been violated or that any legislation exists which conflicts with the Ordinance in question. By the term "General Laws" as used in said Article 12 sec. 2 of our Constitution is comprehended other provisions of the Constitution, acts of the state legislature and the Constitution and laws of the United States. Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

Appellant does challenge the constitutionality of the subject Ordinance upon the ground that the regulations prescribed thereby are unreasonable and unnecessary to the protection of any public interest. Appellant argues, "the Ordinance makes no distinction as to the character of the land or its suitability for use as a building or residential subdivision * * * land may be sold for many other uses, such as mining, milling, pasturage, roadways, etc. and to require the owner to follow the platting procedure before such sales may be made under penalty of fine and imprisonment is completely unreasonable and unnecessary to the protection of any public interest."

It is conceded by appellant that the subject Ordinance being an attempt to regulate the subdivision of land, is an appropriate subject for police power legislation, but he complains that the method of regulation is improper.

Where a statute, ordinance or regulation presents a proper field for the exercise of the police power, the extent of its invocation and application is a matter which lies very largely in the legislative discretion, and every presumption is to be indulged in favor of the exercise of that discretion, unless arbitrary action is clearly disclosed. City of Idaho Falls v. Grimmett, 63 Idaho 90, 117 P.2d 461. The subject matter of the ordinance being within the police power, and properly belonging to the legislative department of government, the courts will not interfere with the discretion, nor inquire into the motive or wisdom of the legislature. If the act is not clearly unreasonable, capricious, arbitrary or discriminatory, it will be upheld as a

proper exercise of the police power. Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

The courts may differ with the legislature as to the wisdom and propriety of a particular enactment as a means of accomplishing a particular end, but as long as there are considerations of public health, safety, morals, or general welfare which the legislative body may have had in mind, which have justified the regulation, it must be assumed by the court that the legislative body had those considerations in mind and that those considerations did justify the regulation. When the necessity or propriety of an enactment is a question upon which reasonable minds might differ, the propriety and necessity of such enactment is a matter of legislative determination. Miller v. Board of Public Works (1925), 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479; Consolidated Rock Products Co. v. City of Los Angeles (1962), 57 Cal.2d 199, 18 Cal.Rptr. 507, 370 P.2d 342.

That there are reasonable minds which are of the belief that subdivision statutes or regulations applicable to counties are necessary and proper, is evidenced by the adoption or authorization for adoption of a like ordinance in such widely varying parts of our Union as Illinois, Missouri, Colorado, Nebraska, Oklahoma, Ohio and Alabama. Under the statutes of most of said states a subdivision is also defined as meaning the division of a tract or parcel of land into lots for the purpose, whether immediate or future, of sale or building development.

Appellant's argument that land which is subject to this Ordinance may be sold for many uses other than building development does not aid in the solution of the issue raised by his demurrer. It merely projects a contingency not in existence, and whatever may be the effect of the ordinance in the future on suppositious cases is not our problem at present. Courts never anticipate a question of constitutional law before the necessity of deciding it arises. The constitutionality of a statute will not be determined unless such determination is necessary to a determination of the issue actually before the court. Poffenroth v. Culinary Workers Union Local No. 328, 71 Idaho 412, 232 P.2d 968; Terhaar v. Joint Class A School District No. 241, 77 Idaho 112, 289 P.2d 623; State ex rel. Nielson v. City of Gooding, 75 Idaho 36, 266 P.2d 655; In re Allmon, 50 Idaho 223, 294 P. 528.

The issue here presented is whether the Ordinance involved is being unconstitutionally applied to appellant. It is not sufficient to show that the provisions of the Ordinance may, in some cases, be considered an arbitrary and unreasonable regulation, it must appear that the alleged unconstitutional provisions operate to the hurt of the defendant and adversely affect his rights or put him to a disadvantage. It is

a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or is about to be, applied to his disadvantage. It follows that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution. State v. Heitz, 72 Idaho 107, 238 P.2d 439; State v. Wendler, 83 Idaho 213, 360 P.2d 697.

Here appellant challenges the sufficiency of the criminal complaint filed against him on the ground that it does not charge a public offense. The complaint in substance charges him with having willfully, knowingly and unlawfully subdivided his property for the purpose of transfer of ownership or building development. The record discloses that this matter was submitted to the trial court for decision on the merits pursuant to stipulation of the parties, to the effect that the court might treat the facts alleged in the amended complaint as having been established. No evidence was introduced and no showing whatever has been made by appellant that he did not subdivide his property for the purpose of building development in the manner charged.

An ordinance such as is here involved must be presumed valid until the contrary is shown. The burden is on the party who attacks the validity of such an act to show the illegality thereof. Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303; City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680; White v. City of Twin Falls, 81 Idaho 176, 338 P.2d 778. Under this rule appellant has not shown that his rights have in any way been adversely affected or discriminatorily prejudiced by the Ordinance he challenges.

Judgment of conviction affirmed.
Costs to respondent.

McQUADE, C. J., McFADDEN and TAYLOR, JJ., and OLIVER, District Judge, concur.