203 P.3d 708

STATE of Idaho, Plaintiff–Respondent,

v.

Martin J. REYES, Defendant–Appellant.

No. 34815.

Court of Appeals of Idaho.

Oct. 7, 2008.

Rehearing Denied Jan. 28, 2009.

Review Denied March 20, 2009.

ing officer had no legal justification to arrest him and, therefore, no right to search him. The state countered by arguing that, although the officer had originally cited Reyes pursuant the state statute, a Coeur d'Alene city ordinance made possession of an open container of alcohol a misdemeanor and, therefore, provided grounds to arrest Reyes and search him incident to the arrest. Reyes argued that the city ordinance was in direct conflict with the state statute proscribing the possession of open containers of alcohol in vehicles as an infraction and was consequently void as unconstitutional. The district court determined that the city ordinance was not in conflict with the state statute. Consequently, the district court denied Reyes's motion to suppress.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Martin J. Reyes appeals from his judgment of conviction for possession of a controlled substance, methamphetamine. Specifically, Reyes challenges the district court's order denying his motion to suppress. For the reasons set forth below, we reverse the district court's order and vacate Reyes's judgment of conviction.

## I.

### FACTS AND PROCEDURE

Reyes was a passenger in a car that was stopped for a traffic infraction. Reyes admitted that he possessed an open container of alcohol in the car and was arrested. A search incident to arrest revealed that Reyes possessed drug paraphernalia. At the police station, it was also discovered that Reyes was in possession of methamphetamine. Reyes was charged with possession of a controlled substance, paraphernalia, and an open container of alcohol.

Reyes filed a motion to suppress the paraphernalia and drugs, arguing that the arrest-

Reyes entered a conditional plea of guilty to possession of a controlled substance, I.C. § 37–2732(c)(1), reserving the right to appeal the denial of his motion to suppress. The other charges against Reyes were dismissed. Reyes appeals.

## II.

### STANDARD OF REVIEW

The constitutionality of a statute is a question of law that we review de novo. *State v. Dickerson*, 142 Idaho 514, 517–18, 129 P.3d 1263, 1266–67 (Ct.App.2006). The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and must overcome a strong presumption of validity. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003).

## III.

### ANALYSIS

Reyes argues that Coeur d'Alene Municipal Code Section 5.08.160 (city ordinance) is unconstitutional because it conflicts with I.C. § 23–505. The Idaho Constitution grants municipalities the "authority to make police regulations not in conflict with the general laws, co-equal with the authority of the legislature to pass general police laws." *State v. Clark*, 88 Idaho 365, 373, 399 P.2d

955, 959 (1965). *See also State v. Robbins*, 59 Idaho 279, 286, 81 P.2d 1078, 1081 (1938). Specifically, Article XII, Section 2 of the Idaho Constitution provides:

Local police regulations authorized— Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its character or with the general laws.

The Idaho Supreme Court has interpreted this constitutional provision as entailing three general restrictions: (1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same; (2) it must not be in conflict with other general laws of the state; and (3) it must not be an unreasonable or arbitrary enactment. *Clark*, 88 Idaho at 374, 399 P.2d at 960; *see also State v. Young*, 144 Idaho 646, 650, 167 P.3d 783, 787 (Ct.App.2006). In this case, Reyes argues only that the city ordinance conflicts with the state law.

Reyes alleges a conflict exists because the ordinance classifies possession of an open container of alcohol by a passenger in a motor vehicle as a misdemeanor, whereas the state statute classifies this conduct as an infraction. Coeur d'Alene Municipal Code Section 5.08.160 provides, in pertinent part, that no person shall "possess an open container" of alcohol in "any motor vehicle moving or stationary." Coeur d'Alene Municipal Code Section 1.28.010 provides that a violation of the open container ordinance is a misdemeanor.

Idaho Code Section 23–505, by contrast, provides:

Transportation of alcoholic beverages.— (1) Alcoholic liquor lawfully purchased may be transported, but no person shall break open, or allow to be broken or opened any container of alcoholic liquor, or drink, or use, or allow to be drunk, or used any alcoholic liquor therein while the same is being transported. Provided however, that an unsealed alcoholic beverage container may be transported in an enclosed trunk compartment or behind the last upright seat of a vehicle which has no trunk compartment.

(2) No person in a motor vehicle, while the vehicle is on a public highway or the right-of-way of a public highway may drink or possess any open beverage containing alcoholic liquor ... unless such person is a passenger in the passenger area of a motor vehicle designed, maintained, or used primarily for the transportation of persons for compensation, or in the living quarters of a recreational vehicle.... A violation of this section is a misdemeanor *for the individual in actual physical control of the vehicle, as defined in section 18–8004, Idaho Code, and an infraction for other individuals violating this section.*

(Emphasis added). The italicized portion of I.C. § 23–505 was added by the legislature in 2000. Prior to 2000, the statute classified possession of an open container of alcohol by any occupant of a vehicle as a misdemeanor.

Although this is an issue of first impression in Idaho, several jurisdictions have determined that a direct conflict exists if a city ordinance classifies conduct more harshly than does a state statute. *See Thomas v. State*, 614 So.2d 468, 470 (Fla.1993) (holding that "a city may not enact an ordinance imposing criminal penalties for conduct essentially identical to that which has been decriminalized by the state"); *City of Cleveland Heights v. Wood*, 107 Ohio App.3d 616, 669 N.E.2d 281, 282 (1995) (noting that "a municipal ordinance that increases the penalty for a crime, but does not change the classification of the offense from a misdemeanor to a felony, is not in conflict with a state statute on the same subject" and implying that changing the classification from a misdemeanor to a felony would create a direct conflict); *Strout v. City of Virginia Beach*, 43 Va.App. 99, 596 S.E.2d 529, 531 (2004) (decided on state law grounds, but concluding that the "ordinance criminalizing destruction of property manifests a conflict with state law ... because the penalty that attaches under the ordinance exceeds the penalty for the 'like' offense" under state law). We find the reasoning of these jurisdictions persuasive.

In this case, the Idaho legislature made the conscious decision to decriminalize possession of an open container of alcohol by a

passenger in a vehicle. The legislature amended I.C. § 23–505 to reclassify possession of an open container of alcohol by a passenger from a misdemeanor to an infraction. An infraction is defined as "a civil public offense, not constituting a crime, which is punishable only by a penalty not exceeding one hundred dollars ($100) and for which no period of incarceration may be imposed." I.C. § 18–111. Because possession of an open container of alcohol by a passenger is no longer criminal conduct, a passenger found in violation of the state statute cannot be arrested and has no right to a jury trial or a court-appointed attorney. See Idaho Infraction Rule 7. Upon admission of the infraction, the passenger cannot be jailed and any fine cannot exceed $100. By contrast, a general misdemeanor is "punishable by imprisonment in a county jail not exceeding six (6) months, or by a fine not exceeding one thousand dollars ($1000), or by both." I.C. § 18–113(1). See also Coeur d'Alene Municipal Code Section 1.28.010 (providing that "except in cases where a different punishment is prescribed by any ordinance of the city, any person convicted of a misdemeanor under the ordinances of the city shall be punished by a fine of not more than one thousand dollars ($1,000), or by imprisonment not to exceed one hundred eighty (180) days, or by both such fine and imprisonment"). By increasing the classification from an infraction to a misdemeanor, the city of Coeur d'Alene has reinstated all of the criminal rights and procedures related thereto and markedly increased the potential consequences. Therefore, we conclude that the ordinance directly conflicts with the state statute.

We also note the important policy implications of allowing cities and counties to criminalize matters the legislature has specifically chosen to decriminalize. Allowing cities and counties to reclassify infractions as misdemeanors would lead to an inconsistent application and enforcement of the laws across the state. A motorist stopped for an infraction such as speeding in one city would be issued a citation and subjected to the infraction procedures and penalties, while the same motorist stopped for speeding in a city that has reclassified speeding as a misdemeanor may be arrested and taken to jail, request and receive an attorney and a jury trial, and potentially serve jail time in addition to paying a substantial fine. Such inconsistent treatment of similarly-situated defendants is not what the legislature intended or what the law allows.

## IV.

## CONCLUSION

We conclude that the city ordinance that classifies possession of an open container of alcohol as a misdemeanor is in direct conflict with the state statute, which classifies possession of an open container by a passenger as an infraction.[1] Therefore, the state statute controls, and the city ordinance is unconstitutional. Reyes was not subject to arrest for possession of an open container by a passenger in a motor vehicle nor to a search incident to arrest. Because the district court erred in concluding the ordinance was constitutional and in denying Reyes's motion to suppress, we reverse the order denying Reyes's motion. Accordingly, we vacate Reyes's judgment of conviction.

Chief Judge GUTIERREZ and Judge LANSING concur.

---

1. Because we conclude that the classification of the crime as a misdemeanor under the city ordinance is in direct conflict with the state statute, we decline to address Reyes's additional argument on appeal that the ordinance is unconstitutional because it prohibits that which is specifically authorized by the state statute.