**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41588**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 737 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JARED D. BRISTOL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge. Hon. Scott Axline, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for failure to maintain exterior premises, affirmed.

Jared D. Bristol, Pocatello, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jared D. Bristol appeals from the district court's order, entered in its intermediate appellate capacity, affirming Bristol's judgment of conviction for failure to maintain exterior premises in violation of Pocatello Municipal Code. Specifically, he asserts that the city code is, among other things, unconstitutional and that he is entitled to attorney fees and costs. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

An anonymous complaint was made against Bristol for failing to properly maintain his property, storing inoperative vehicles and vehicle parts on his property, and storing other prohibited materials on his property. An initial inspection by a city code enforcement officer confirmed the complaint's allegations and resulted in a notice of violation and reinspection being issued to Bristol. Bristol had not remedied the code violations when the code officer reinspected

1

the property approximately one month later. Bristol was sent a final notice of violation and reinspection. The final reinspection was done one and a half months later and indicated that most of the code violations remained. Bristol was then cited for failing to maintain the exterior portions of his land, storing prohibited materials on his land, and storing vehicles and vehicle parts on his land in violation of Pocatello Municipal Code (PMC) § 08.24.040.[1]

---

[1]    Pocatello Municipal Code § 08.24 has since been repealed and the substance of that ordinance has been revised and recodified at PMC § 08.14. The version of PMC § 08.24.040 in effect at the time of the violation provided, in pertinent part:

>    Property owners, managers, and occupants shall ensure that the following requirements are met:
>    A.    General Maintenance Of Land/Outdoor Areas:  All land/outdoor areas shall be kept clean and must be fully landscaped in accordance with city codes except for structures and prepared surfaces used for parking or pedestrian or vehicular travel.  Land/outdoor areas must be maintained so as to be free of fire hazards; noxious weeds as set out in the Idaho state code; mold/fungus growths; and blight or deteriorated conditions, including conditions or accumulations of any material which may be conducive to infestations of insects, spiders, reptiles, or rodents.  Specifically prohibited items or conditions include, but are not limited to, the following: any accumulations of litter, garbage, debris, waste material, accumulations of appliances and/or furniture, broken glass, piles of mixed material, dry vegetation, rags, empty barrels, boxes, crates, packing cases, mattresses, bedding, packing straw, packing hay, or other packing material, lumber or building materials except as provided in this chapter, and anything whatsoever in which insects may breed or which provides harborage for rodents, snakes, or other harmful pests/animals.
>       . . . .
>    C.    Storage Of Materials Prohibited: Land shall be maintained free of the following additional blighting influences, including, but not limited to, appliances, broken materials, furniture in disrepair, wood (except neatly stacked firewood), construction materials, piles of landscaping or construction materials, scrap metal, or vehicle parts, unless the same are kept in a fully enclosed building. Recyclable materials may be kept outside, but must be neatly stacked and removed weekly.  Also specifically prohibited is the unenclosed storage or placement, on any land on which a residential dwelling is located or which is residentially zoned, of any materials used in connection with a business or home occupation, whether for the owner or occupant of the dwelling or property, including, but not limited to, building materials, landscaping materials, equipment, tools, and vehicle parts, unless the same are permitted through a conditional use permit and maintained in accordance with the terms of said permit.

Prior to trial, Bristol sought to introduce numerous statutes and constitutional provisions, photographs depicting the condition of other properties in his residential area, and a letter allegedly from the owner of the inoperative vehicle on Bristol's property at the time of the violation. The magistrate excluded the proposed statutes and constitutional provisions, most of which were civil in nature, and the photographs as irrelevant to the current proceedings. The magistrate also excluded the letter because it was inadmissible hearsay. The case proceeded to trial and a jury found Bristol guilty of violating the ordinance. Bristol appealed to the district court. The district court held that Bristol had failed to present sufficient argument and authority to support his claims, including claims of insufficiency of the evidence, due process violations, and unconstitutionality of the ordinance. The district court affirmed Bristol's judgment of conviction as supported by substantial and competent evidence. Bristol again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions following

---

Exception: Materials for active, ongoing, on site construction or landscaping of property may be stored in rear yards of that property for the duration of the construction. Landscaping or construction materials for on site use of the occupant may be stored in front and side yards which are visible from an adjacent public right of way for a period no longer than sixty (60) days, provided the rear yard is not easily accessible or the materials will be used in the front and side yards.

. . . .

F.      Provisions For Vehicles Or Vehicle Parts:  Vehicles may not be parked on lawns/landscaping areas, but must be parked on a driveway constructed in accordance with applicable building codes and city regulations and accessed by an approved approach or curb cut, or, alternatively, may be parked on another prepared surface accessible from a driveway or alleyway. Storage of vehicle parts or inoperative vehicles is allowed only in fully enclosed buildings or as otherwise provided for in chapter 8.16 of this title.

3

therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*.

## III.

## ANALYSIS

Bristol's brief is neither clear nor concise. However, from it we have gleaned numerous issues on appeal.[2] Bristol alleges various errors at trial and on direct appeal to the district court. He also claims that the city ordinance is unconstitutional because it conflicts with the general laws of Idaho and the United States. Bristol requests attorney fees and costs, despite proceeding pro se throughout this criminal case.[3]

---

[2]   Much of Bristol's briefing is spent challenging the credibility of the state's sole witness and generally attempting to retry Bristol's criminal case on appeal. However, this Court will not substitute its view for that of the trier of fact as to the credibility of witnesses, the weight to be given to testimony, and the reasonable inferences to be drawn from evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). He also attempts to introduce new evidence not contained in the magistrate's record through addendums to his briefs to support new issues not raised before the magistrate or district court. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Moreover, issues not raised below generally may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). This is especially true in an appeal from the decision of an intermediate appellate court, as the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). Accordingly, Bristol's attempt to introduce additional evidence is improper, and the evidence and associated new claims will not be considered.

[3]   Bristol also alleges various violations of his rights by the investigating code officer through trespass, invasion of privacy, and an alleged warrantless search. He further argues that the anonymous tip that initiated the investigation was unreliable. The trespass and invasion of privacy allegations are irrelevant to this case. Moreover, Bristol did not raise the warrantless search issue or challenge the reliability of the anonymous tip before the magistrate through a motion to suppress or otherwise. Instead, Bristol made an improper motion to suppress on intermediate appeal to the district court, which was denied. The district court did not err in denying Bristol's motion to suppress made on intermediate appeal, as all such objections are waived if they are not raised in a pretrial motion. *See* I.C.R. 12(b)(3), (f) (providing that a motion to suppress must be raised before trial or it is waived). Accordingly, we will not address these claims on appeal.

**A.     Trial Errors**

Bristol argues that the magistrate erred by excluding the various statutes and constitutional provisions, photographs, and a letter that Bristol sought to introduce.  With respect to the admission of evidence, the trial court has broad discretion and its judgment in the fact finding role will only be disturbed on appeal when there has been a clear abuse of discretion. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992); *State v. Williamson*, 144 Idaho 597, 599, 166 P.3d 387, 389 (Ct. App. 2007).

The magistrate excluded the statutes, constitutional provisions, and photographs of other properties as irrelevant to Bristol's case.  Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible.  *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008).  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties.  *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).  We review questions of relevance de novo.  *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Here, the proposed evidence of civil laws and photographs of other properties proposed for admission by Bristol were irrelevant to the issue presented in his criminal case.  They did not tend to make any fact that was of consequence to whether Bristol violated the city ordinance more or less likely.  The items would have served to waste time, confuse the issues, and mislead the jury as to the law and facts upon which they were to decide the case.  Accordingly, the magistrate did not err in excluding the proposed evidence of civil laws and photographs as irrelevant.

Additionally, the proposed letter was also properly excluded as inadmissible hearsay. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994).  Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court.  I.R.E. 802.  Bristol has not contested the determination that the letter was

hearsay and has not identified any exception that would permit the letter to be admitted. Accordingly, the magistrate did not abuse its discretion by excluding the letter.

**B.      Constitutionality of the Ordinance**

Bristol argues that the ordinance is unconstitutional because it conflicts with the general laws of Idaho and the United States and is arbitrary and unreasonable. Article XII, Section 2 of the Idaho Constitution provides that any "incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." This provision constitutes a grant of local police powers to Idaho cities. *Caesar v. State*, 101 Idaho 158, 161, 610 P.2d 517, 520 (1980); *State v. Clark*, 88 Idaho 365, 373, 399 P.2d 955, 959 (1965). Idaho appellate courts have interpreted three general restrictions pertaining to ordinances or regulations enacted under this constitutional grant of local police power: (1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same; (2) it must not be in conflict with other general laws of the state; and (3) it must not be an unreasonable or arbitrary enactment. *Clark*, 88 Idaho at 374, 399 P.2d at 960; *State v. Reyes*, 146 Idaho 778, 780, 203 P.3d 708, 710 (Ct. App. 2008). Moreover, municipalities may exercise only those powers expressly granted to them or necessarily implied from the powers granted. *City of Grangeville v. Haskin*, 116 Idaho 535, 538, 777 P.2d 1208, 1211 (1989); *Caesar*, 101 Idaho at 160, 610 P.2d at 519. The party challenging the validity of a municipal exercise of a constitutionally granted police power bears the burden of showing that such an exercise is either in conflict with the general laws of the state or that it is unreasonable or arbitrary. *Plummer v. City of Fruitland*, 139 Idaho 810, 813, 87 P.3d 297, 300 (2004).

Bristol asserts that the maintenance code conflicts with the general laws of Idaho and the United States. However, the only law he identifies and attempts to argue that the ordinance conflicts with is I.C. § 50-304, which grants authority for municipalities to pass ordinances for the preservation of public health. This argument is without merit. The statute empowers municipalities to "pass all ordinances and make all regulations necessary to preserve the public health." I.C. § 50-304. One of the several purposes of the maintenance code is to prevent the accumulation of materials "in which insects may breed or which provides harborage for rodents, snakes, or other harmful pests/animals," which may pose a threat to public health.

6

PMC § 08.24.040(A).[4]  The code was also designed to prevent "fire hazards" presented by the accumulation of debris and refuse.  *Id.*  Thus, there is no conflict.  Moreover, the power granted to the city is not limited to passing ordinances solely for the preservation of public health.  *See* I.C. § 50-302 (empowering municipalities to "make all such ordinances . . . to maintain the peace, good government and welfare of the corporation and its trade, commerce and industry").  As a result, Bristol has failed to show that the ordinance conflicts with the general laws he has identified.[5]

Bristol also contends that the ordinance is arbitrary and unreasonable.  Generally, courts are not concerned with the wisdom of ordinances and will uphold a municipal ordinance unless it is clearly unreasonable or arbitrary.  *Clark*, 88 Idaho at 373-74, 399 P.2d at 959-60.  It is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community.  *Sanchez v. City of Caldwell*, 135 Idaho 465, 468, 20 P.3d 1, 4 (2001).  Indeed, we indulge every presumption in favor of the valid exercise of legislative discretion unless arbitrary action is clearly disclosed.  *Clark*, 88 Idaho at 373, 399 P.2d at 959.  Whether an ordinance is improper, unreasonable, or arbitrary is a question of law that we review de novo.  *Sanchez*, 135 Idaho at 468, 20 P.3d at 4.

Bristol fails to carry the heavy burden of establishing that former PMC § 08.24.040 is arbitrary or unreasonable.  Indeed, he fails to show why it is either arbitrary or unreasonable for a city to legislate by ordinance a means of deterring and resolving threats to the general health, safety, and welfare of the community.  Municipalities are empowered under I.C. § 50-302 to

---

[4]  Repealed and recodified in substantially the same form at PMC § 08.14.040(A).

[5]  Bristol also attempts to make a regulatory taking argument pursuant to the Idaho Regulatory Takings Act, I.C. §§ 67-8001 to 67-8004.  However, the Act only applies to a regulatory taking, which is defined as "a regulatory or administrative action resulting in deprivation of private property that is the subject of such action, whether such deprivation is total or partial, permanent or temporary, in violation of the state or federal constitution."  I.C. § 67-8002(4).  Bristol was not deprived of any private property as the result of a regulatory or administrative action.  Moreover, this issue was not one that was before the jury in the criminal case below.  *See State v. Hargis*, 126 Idaho 727, 732 n.4, 889 P.2d 1117, 1122 n.4 (Ct. App. 1995) (stating that a request for civil injunctive relief was not proper in a criminal case, especially when no claim for injunction had been made to the trial court).  Accordingly, we will not entertain this civil issue on appeal from a criminal conviction.

7

"make all such ordinances . . . not inconsistent with the laws of the state of Idaho as may be expedient, in addition to the special powers in this act granted, to maintain the peace, good government and welfare of the corporation and its trade, commerce and industry." Municipalities "may enforce all ordinances by fine, including an infraction penalty, or incarceration." I.C. § 50-302. As with the state's general police power, the power allotted to municipalities is subject to the qualification that a measure adopted for the purpose of regulating the use and enjoyment of property must be designed to effect some public purpose that the government may legally accomplish, must be reasonable, and must have some direct, real, and substantial relation to the public purpose sought to be accomplished. *State v. Finney*, 65 Idaho 630, 635, 150 P.2d 130, 132 (1944).

Here, former PMC § 08.24.010 provided that the purpose of the property maintenance code was "to promote the health, safety, and welfare of the citizens by protecting neighborhoods against blight and deterioration through the establishment and enforcement of uniform maintenance standards for all structures and land within the city limits."[6] Combating blight and deterioration within city limits is a reasonable public purpose that the city may legally accomplish. The maintenance code, which prohibits specific circumstances that lead to the establishment and spread of blight, is also directly and substantially related to the accomplishment of this purpose. Moreover, the code reasonably accomplishes this purpose, as it provides for notice and multiple opportunities to resolve the violating circumstance before any penalty is imposed. *See* PMC § 08.24.060 (providing for notice of violations and allowing two weeks from the date of the notice for the property owner to remedy the violations).[7]

Bristol's property was in violation of various provisions of former PMC § 08.24.040 for several months before he was finally cited. He was afforded multiple notices and opportunities to remedy the code violations, but failed to do so. Although Bristol makes various allegations that the ordinance is unreasonable and arbitrary, he fails to support those allegations with any authority and fails to address the legitimacy of the city's interest in requiring that landowners within city limits meet basic maintenance standards for their exterior property. Such basic maintenance standards as were employed by the city aid in protecting property values, avoiding

---

[6]     Repealed and recodified in substantially the same form at PMC § 08.14.010.

[7]     Repealed and recodified in substantially the same form at PMC § 08.14.100.

8

blight and deterioration, and preserving public health. As a result, Bristol has not established that former PMC § 08.24.040 is unconstitutional and the district court did not err in upholding Bristol's judgment of conviction under that ordinance.

## C. Attorney Fees and Costs

Bristol requests attorney fees and costs on appeal. Neither costs nor attorney fees are available against the state in a criminal case, absent an explicit statutory authorization. *State v. Rae*, 139 Idaho 650, 656, 84 P.3d 586, 592 (Ct. App. 2004); *State v. Spurr*, 114 Idaho 277, 280, 755 P.2d 1315, 1318 (Ct. App. 1988); *see also State v. Thompson*, 119 Idaho 67, 70, 803 P.2d 973, 976 (1989). Aside from not being the prevailing party on appeal, Bristol fails to identify any authority allowing for an award of attorney fees and costs in this criminal appeal. *See* I.A.R. 41(a). Therefore, Bristol is not entitled to an award of attorney fees and costs on appeal.

## IV.

## CONCLUSION

Bristol has failed to show error in the proceedings before the magistrate, his judgment of conviction, or the district court's order affirming that judgment. He has further failed to show that the ordinance under which he was found guilty is unconstitutional. Accordingly, we affirm the district court's order, entered in its intermediate appellate capacity, affirming Bristol's judgment of conviction for failure to maintain exterior premises.

Judge LANSING and Judge GRATTON, **CONCUR.**