## Richmond

### JAMES G. STANLEY V. CITY OF NORFOLK

October 7, 1977.

Record No. 761352.

Present: All the Justices.

*Beril M. Abraham (Coureas, Abraham & Morrison,* on brief), for plaintiff in error.

*Ronald G. Thomason, Assistant City Attorney (Philip R. Trapani, City Attorney,* on brief) for defendant in error.

POFF, J., delivered the opinion of the Court.

By final order entered June 29, 1976, James G. Stanley was convicted in a bench trial of disorderly conduct in violation of Code of the City of Norfolk § 31-17,[1] fined $50.00, and sentenced to a jail term of 60 days. The jail sentence was suspended on good behavior for a period of one year.

The evidence showed that Walter B. Martin, III, was cleaning fish at a water faucet located in a driveway between the apartment building in which he lived and an apartment building occupied by defendant. Defendant told Martin to take his fish entrails back to his apartment. A dispute ensued, defendant cursed Martin, threatened to shoot him "full of buckshot" or "stick a butcher knife" in him if he did not leave, waved his cane, and threw a block of wood at him. Defendant then went into his apartment building, returned with a pool cue stick and, grasping it at the small end, began swinging it at Martin. Martin ran, leaving his fish behind with the water running. A neighbor who witnessed the incident from her fire escape testified that defendant was "yelling and screaming and using abusive language"; that he "hit at Mr. Martin twice with the stick"; and that he told him that "the next thing it would be buckshot."

The trial court based the conviction upon a finding that the evidence "clearly established . . . that the Defendant acted in a disorderly way and that his conduct . . . tended to violence and to a breach of the peace."

As narrowed on briefs and in oral argument, the principal issue on appeal became one of standing. Defendant conceded at bar that no question of First Amendment overbreadth is involved. The single assignment of error charges that the conviction is invalid because the ordinance "is so broad, vague and indefinite as to deny due process of law guaranteed by the Fifth and Fourteenth Amendments". On brief, defendant says

---

[1] The ordinance reads as follows:

"Any person who shall, within the limits of the city, be guilty of disorderly conduct, other than that set forth in other sections of this Code, shall, upon conviction thereof, be fined not less than one dollar nor more than five hundred dollars, or be confined in jail not exceeding six months, either or both."

that the facts concerning his conduct "are not pertinent to a determination of the question presented" and that if we decide that the ordinance "meets the due process requirements . . . then the Court below correctly determined the issue." Thus, defendant's challenge on appeal is not addressed to the constitutionality of the ordinance as applied to his conduct; rather, he contends that the judgment should be reversed and the charge dismissed on the ground that the ordinance is void for vagueness on its face. Oral argument focused, therefore, largely upon the threshold question, whether defendant has standing to make a facial challenge charging due process overbreadth (as distinguished from a facial challenge charging First Amendment overbreadth).

■ As a *general rule*, a defendant has standing to challenge the constitutionality of a penal statute only when his own speech or conduct was constitutionally protected or when the language of the statute "as applied" to his conduct was impermissibly vague; if his conduct was not constitutionally protected and was clearly proscribed by the language of the statute,[2] he has no standing to mount a facial challenge charging that the statute could be unconstitutional if applied to other conduct of other people under other circumstances. *United States* v. *Raines*, 362 U.S. 17, 20-22 (1960).

> "[A] person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. [Citations omitted] . . . . [C]onstitutional rights are personal and may not be asserted vicariously. [Citation omitted]. These principles rest on more than the fussiness of judges. They reflect the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws. [Citation omitted]." *Broadrick* v. *Oklahoma*, 413 U.S. 601, 610-11 (1973).

This general rule was explicated in *Parker* v. *Levy*, 417 U.S. 733, 756 (1974), where the Court said:

---

[2]Such conduct has been labelled "'hardcore' conduct that would obviously be prohibited under any construction." *Dombrowski* v. *Pfister*, 380 U.S. 479, 491-92 (1965).

"None of [the void-for-vagueness tests] suggests that one who has received fair warning of the criminality of his own conduct from the statute in question is nonetheless entitled to attack it because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."

*See also Arnett v. Kennedy*, 416 U.S. 134 (1974).

■ The general rule, which has its roots in the "cases and controversies" mandate of Art. III, Sec. 2, U.S. Constitution, and in the doctrine of judicial restraint, has sometimes been interpreted to mean that a person never has standing to assert the constitutional rights of others. This is a misinterpretation. *See generally* Sedler, *Standing to Assert Constitutional Jus Tertii in the Supreme Court*, 71 Yale L.J. 599 (1962). Even when a defendant's conduct was not constitutionally protected and could have been proscribed by a properly drawn statute, he may have standing to assert a facial challenge based upon overbreadth which "chills" the exercise of First Amendment rights by others. *Thornhill v. Alabama*, 310 U.S. 88, 98 (1940).

"[T]he Court has altered its traditional rules of standing to permit — in the First Amendment area — 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' [Citation omitted]. Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma, supra,* 413 U.S. at 612.[3]

---

[3]Although the traditional standing rule is altered to permit such facial challenges, "where conduct and not merely speech is involved, . . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick* v. *Oklahoma, supra,* 413 U.S. at 615; *accord, Young* v. *American Mini Theatres,* 427 U.S. 50, 59-60 (1976).

*See also Dombrowski* v. *Pfister,* 380 U.S. 479, 486-87 (1965).

Thus, it appears that, for purposes of standing to make facial attacks, the Supreme Court makes a distinction between two separate concepts of overbreadth, *viz.,* (a) *due process overbreadth* resulting from statutory language so vague that it could be selectively construed and enforced by police, prosecutors, and triers-of-fact to penalize persons not before the court, for conduct not before the court, without fair warning of the criminality of their conduct,[4] and (b) *First Amendment overbreadth* resulting either from statutory language so vague it could "chill" the exercise of constitutionally protected speech or conduct, or from precise statutory language which expressly seeks to regulate protected speech, *Gooding* v. *Wilson,* 405 U.S. 518, 520-22 (1972), or to regulate the time, place, and manner of communicative conduct, *see e.g., Grayned* v. *City of Rockford,* 408 U.S. 104, 115-21 (1972), or to require prior approval of communicative conduct by officials vested with standardless discretionary power, *see e.g., Shuttlesworth* v. *Birmingham,* 394 U.S. 147 (1969); or from statutory language which might be so applied as to burden innocent associations, *see e.g., Keyishian* v. *Board of Regents,* 385 U.S. 589 (1967). It seems clear that, when overbreadth impinges upon First Amendment guarantees, a person accused under the statute has standing to make a facial attack, even though his own speech or conduct was not constitutionally protected; when overbreadth has only due process implications, he has no standing to make a facial attack but only standing to challenge the statute as applied to his own conduct.

Central to defendant's facial challenge for due process overbreadth is his argument that the ordinance on its face "allows policemen, prosecutors and courts to impose their own personal predilections in determining what should be permissible behavior." In *Smith* v. *Goguen,* 415 U.S. 566, 576 (1974), the Supreme Court said that "[w]here inherently vague statutory language permits . . . selective law enforcement, there is a denial of due process." That statement must be read, however, in the context in which it was made. The Court did not declare the statute void on its face, rather that the language at

---

[4]As so defined, due process overbreadth is a form of vagueness which permits overly-broad application to conduct otherwise innocent. .

issue was "impermissibly vague as applied to Goguen", *id.*, at 577, and "void for vagueness as applied to Goguen" *id.* at 578. Manifestly, the standard requiring "fair warning" and the standard forbidding "selective law enforcement" are simply complementary and interrelated parts of the test of vagueness *vel non* as applied to the conduct of the person before the court. If statutory language is so vague as to fail to give fair warning of the criminality of the conduct of the person before the court, it may also tend to permit selective law enforcement; if it is so vague as to permit selective law enforcement, it may also fail to give fair warning of the criminality of the conduct of the person before the court. Nothing in the language of the opinion in *Goguen* contradicts the rule on standing which, we note, was endorsed by the *Goguen* author less than a year earlier in *Broadrick* v. *Oklahoma, supra,* and less than three months later in *Parker* v. *Levy, supra.*

Defendant does not contend that his own conduct was constitutionally protected or that the ordinance is void for First Amendment overbreadth. Rather, he seeks to make a facial challenge based upon due process overbreadth. Applying prevailing Supreme Court precedents, we hold that defendant is without standing to make such a challenge.

Because defendant asserts an on-the-face rather than an as-applied vagueness challenge, we do not consider whether, as the trial court implicitly found, defendant's behavior constituted "hard core" disorderly conduct within the contemplation of the ordinance. *See* footnote 2. And, since defendant has no standing to make the challenge he asserts, we do not decide whether the ordinance is so vague that it could be applied unconstitutionally to other conduct of other people under other circumstances.[5] A case posing that question may arise momentarily or never, and it is always possible that the ordinance may be so amended as to

---

[5]In *Collins* v. *City of Norfolk,* 186 Va. 1, 41 S.E.2d 448 (1947), we upheld the statutory ancestor of the ordinance at bar against a challenge for vagueness as applied to the conduct of the defendant there. We do not view our opinion in *Collins* as holding that this ordinance is immune from all attacks for vagueness as applied to other conduct of other people under other circumstances.

eliminate the predicate for such a question.[6] In any event, we defer decision until a case is ripe for adjudication.

*Affirmed.*

---

[6]Using the Model Penal Code as a general pattern, some jurisdictions have made substantial, definitional changes in their disorderly conduct statutes. *See e.g.,* Ark. Stat. Ann. § 41-2908 (Crim. Code 1976); Bell, *Disorderly Conduct and Loitering — A Modern Approach to Traditional Legislation,* 30 Ark. Law Rev. 186 (1976).