## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Andre Roseir Morgan

Case Nos. (Appeals) F–1–3940 and F–91–3941

Commonwealth of Virginia

v.

Robert E. Washington

Case Nos. (Appeals) F–91–3962 and F–91–3964

February 6, 1992

BY JUDGE ROBERT W. DULING

This matter is before the Court on the motions of the defendants to dismiss the convictions [for loitering for prostitution] under § 20–83.1 of the Code of the City of Richmond, Virginia, suffered separately by each, on the grounds that such code section is in violation of defendants' constitutional rights pursuant to the First, Fourteenth, Fifth, and Fourth Amendments to the United States Constitution, as well as § 19.2–83 of the Code of Virginia of 1950, as amended.

There are no questions raised as to the sufficiency issue; the questions raised concern whether the convictions in the district court rests upon an unconstitutional ordinance.

*Coleman v. City of Richmond*, 5 Va. App. 459, 364 S.E.2d 239 (1988), *reh'g denied*, 6 Va. App. 396, 368 S.E.2d 298 (1988), declared unconstitutional the predecessor to Section 20–83.1 which was amended and adopted on October 22, 1990. Defendants contend that the amended ordinance under which they were convicted is unconstitutional.

> In assessing the constitutionality of a statute or ordinance, courts must presume that the legislative action is valid. Consequently, the burden is on the challenger to demonstrate the constitutional defect. *See, Working Waterman's Association of Virginia, Inc. v. Seafood Harvesters, Inc.,* 227 Va. 101, 110, 314 S.E.2d 159, 164 (1984). Further, as a state court, we may construe our statutes to have a limited application if such a construction will tailor the statute to a constitutional fit. *Gooding v. Wilson,* 405 U.S. 518, 520 (1972).

*Coleman* at 462.

The chief modification to the original ordinance is the elimination of the enumerated circumstances which may be considered in determining whether the illegal intent of the suspect has been manifested. In substitution, the following procedural requirements have been added:

(1) Has previously been convicted of prostitution, sodomy, solicitation for the purpose of prostitution or sodomy, or loitering for any illegal purpose related to prostitution or sodomy under this section;

(2) Is observed in an area known to be frequented by prostitutes;

(3) Remains in that area for a period of at least fifteen minutes, engages in behavior manifesting an intent to solicit for or engage in prostitution or sodomy, and, upon questioning, does not provide a credible explanation for being there for a legal purpose;

(4) Is then advised by a sworn police officer that he or she is suspected of loitering for the purpose of soliciting for or engaging in prostitution or sodomy and that he or she will be charged with such offense if he or she remains there or, within a seven-day period, returns to that area, the boundaries of which shall be clearly specified by the officer, and again loiters, lurks, or remains under circumstances manifesting an intent to solicit for or engage in prostitution or sodomy; and

(5) After being so advised, either remains in the area and engages in behavior manifesting an intent to solicit for or engage in prostitution or sodomy or returns to the area within a seven-day period and engages in behavior manifesting that intent.

The defects of the original ordinance have not been cured by the amendment. *Coleman, supra,* found that the original ordinance was overbroad. "Overbreadth attacks are successful when the challenged

statute is not drawn narrowly enough so that the statute's sweep encompasses protected speech or association." *Coleman, Id.,* citing *Broadrick v. Oklahoma,* 413 U.S. 601, 611-12 (1973). The Court found that the original ordinance would allow a convicted prostitute to be arrested and convicted for window shopping or hitchhiking and thus was overbroad.

The present ordinance requires the officer to observe the defendant "engag[ing] in behavior manifesting an intent to solicit for or engage in prostitution or sodomy . . . ." City of Richmond, Ordinance No. 20–83.1(b)(3). This language is specifically tailored to prohibit unprotected speech and activity.

The problem with the amended ordinance is vagueness. *Coleman, supra,* found the predecessor ordinance void for vagueness. Laws must provide a person of ordinary intelligence with a reasonable opportunity to know what behavior is prohibited and "provide explicit standards for those who apply them." *Grayned v. City of Rockford,* 408 U.S. 104, 108–09 (1972).

In *Coleman,* the court analyzed the original ordinance as if the enumerated behavior was not sufficient to prove intent. "The ordinance, then, stripped of the enumerated circumstances, prohibits loitering in a manner or under circumstances manifesting an intent to engage in prostitution. Under this construction, the ordinance must also fail, for the defect now is vagueness." *Coleman, supra,* at 466.

The amended ordinance has been stripped of any specific behavior which may indicate an intent to solicit for or engage in prostitution or sodomy. Ordinance 20–83.1, Section 1(b)(3) and (5) of the amended ordinance, requires that the suspect engaged in behavior manifesting an intent to solicit or engage in prostitution. The ordinance does *not* define what behavior that may be. The other circumstances enumerated in Ordinance 20–83.1, Section 1(b)(1) through (5) only describe circumstances surrounding the behavior. Such procedural requirements as being located in "an area known to be frequented by prostitutes," Ordinance 20–83.1, Section 1(b)(2), or being advised by the police of "suspected" violation and warned not to return to the area within seven days, Ordinance 20–83.1, Section 1(b)(4), cannot cure the inherent vagueness of the ordinance. Because no particular act is proscribed which would manifest an intent to solicit, the amended ordinance must fail for vagueness; hence its unconstitutionality. While the City of Richmond has cited a number

of decisions from other jurisdictions which have found ordinances or statutes prohibiting loitering for the purpose of solicitation or prostitution constitutional, these opinions must be considered with regard to the fact that *Coleman* is the posture of the law in the Commonwealth of Virginia at this time.

Accordingly, the amended ordinance has been analyzed by this Court using the standard enunciated by the Court of Appeals in *Coleman v. City of Richmond, supra.* For these reasons, the Court grants the defendants' Motion to Dismiss, the Court being of the opinion that Ordinance 20–83.1 does not correct the constitutional inadequacies of the earlier ordinance and is violative of the defendants' constitutional and state statutory rights.

The Court also relies on the argument and authority made a part of the defendants' motion, specifically pages 4 through 12, which are attached hereto and made a part of this memorandum.∎

The Court also relies, as indicated in the memorandum, upon the conclusions reached by the Court of Appeals of Virginia in *Coleman v. City of Richmond,* 5 Va. App. 459, 364 S.E.2d 239 (1988), *reh'g denied,* 6 Va. App. 396, 368 S.E.2d 298 (1988).

### APPENDIX

#### Argument

It is submitted that the defendant has standing to challenge the constitutionality of the instant ordinance. *Broadrick v. Oklahoma,* 413 U.S. 601 (1973) (individuals may challenge statutes on First Amendment grounds even when their own speech is unprotected. *Id.* at 612); *see also, Stanley v. City of Norfolk,* 218 Va. 504, 508–09 (1977). In *Kolender v. Lawson,* 461 U.S. 352 (1983), the Court further allowed a constitutional attack grounded on vagueness, when the statute touched First Amendment rights. Because the instant statute is violative of the instant defendants' rights, the defendants submit they have standing to challenge the ordinance, even though the alleged solicitation for prostitution is not protected speech or conduct.

The predecessor to the instant statute, Richmond City Code Section 20–83, was ruled unconstitutional in *Coleman v. City of Richmond,* 5 Va. App. 459 (1988). *Coleman* held that the predecessor to

the instant ordinance was unconstitutionally vague and overbroad. *Id.* at 465-467. The chief differences in the instant statute, from its 20–83 predecessor, are the procedural steps that the defendant is required to be "observed in an area known to be frequented by prostitutes"; that the defendant remain for at least fifteen minutes in said area; be advised by a police officer that he or she is suspected of "loitering for the purpose of soliciting for or engaging in prostitution or sodomy"; and that his or her continued presence or return to the area within a seven-day period or "engagement in behavior manifesting an attempt to solicit or engage in prostitution . . ." will result in his or her being arrested and charged under this section. Richmond City Code Section 20–83.1. The problem with the new statute is that while it amends portions of the arrest procedure, it does not change those elements found to be constitutionally impermissible in its predecessor.

### First Amendment

An ordinance is overbroad if it deters constitutionally protected conduct as well as unprotected conduct. *See, Hill v. City of Houston,* 482 U.S. 451 (1987). The overbreadth of the statute is best illustrated by subsection (b)(3) in which "behavior manifesting an attempt to solicit for or engage in prostitution" is not further defined. This language appeared in the predecessor statute and led the court in *Coleman v. City of Richmond, supra,* to find that "under the provisions of Richmond Ordinance [20–83], a hitchhiker could be arrested and convicted because she waived and beckoned to cars though she said not a word regarding solicitation or prostitution." *Coleman v. City of Richmond,* 5 Va. App. at 465. The Court went on to state that even where the defendant is acquitted, her First Amendment rights would have been chilled by the arrest alone. *Id.* The only specifics added to the new statute deal with more objective factors such as her location and whether or not she returns to said location.

Defendants concede that speech for the purpose of soliciting for or engaging in prostitution is unprotected. However, the right of an individual to appear in a public place and seek transportation, for example a hitchhiker, is unquestioned. *See, Commonwealth of Virginia v. Jamie [sic] May Taylor,* opinion by the Honorable Ralph B. Robertson, Judge, General District Court, City of Richmond, Criminal Division. Criminal statutes which preclude both legal and illegal ac-

tivity are overbroad unless so restricted as to not net the innocent. *Id.*; *see, Kolender v. Lawson,* 461 U.S. 352 (1983); *Gooding v. Wilson,* 405 U.S. 518, 522 (1971). The key dilemma for the instant section under the First Amendment is that the so-called procedural steps added to the new statute continue to impermissibly prohibit First Amendment rights of individuals who simply want, for example, to request a ride home. Moreover, as the General District Court noted, there are certainly many other legitimate activities which could involve the same type of behavior on the part of potential defendants. *Commonwealth v. Taylor, supra; see, Papachristous v. Jacksonville,* 405 U.S. 156 (1972). First Amendment interests are fragile interests and a person who contemplates protected activity might be discouraged by the *in terrorem* effect of the statute. *NAACP v. Button,* 371 U.S. 415, 433 (1963), cited in *Commonwealth v. Taylor,* General District Court City of Richmond, Criminal Division.

Moreover, the Virginia Court of Appeals has held that the addition of language concerning the intent of the defendant does not cure the overbreadth problem. *See, Coleman v. City of Richmond, supra; State v. Evans,* 73 N.C. App. 214 (1985); *City of Milwaukee v. Wilson,* 96 Wis. 2d 11 (1980).

### Fourteenth Amendment

Due process requires that a penal statute be defined sufficiently by its terms so as to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *United States v. Harris,* 347 U.S. 612, 617 (1954), cited by *Commonwealth v. Taylor,* General District Court of the City of Richmond, Criminal Division. Enforcement standards and procedures must be objective to guide police in order to prevent arbitrary and capricious arrests based on their own idea of right and wrong. *Id.; see also, Smith v. Goguen,* 415 U.S. 566 (1974). The instant statute contains no protection from the police officer employing his own bias in enforcing the statute, first in the observance of the alleged activity, and also in the judgment of what is a "credible explanation" as required by the statute. Moreover, the statute allows the officer to determine by himself those geographic areas to be proscribed. It does not prevent an arbitrary and discriminatory enforcement by requiring "explicit standards for those who apply them." *Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972). (It is further submitted that paragraph

(b)(2) is further impermissibly vague as it does not define by whom an area is "known" to be frequented by prostitutes.) Instead, the discretion placed in the police officers allows arbitrary and discriminatory enforcement because no overt act of solicitation or prostitution is required. Thus, arrests are made on a suspicion of future criminality or a reappearance in an area which is deemed proscribed at the whim of the police officer without standards to govern such discretion. *See, Brown v. Municipality of Anchorage*, 584 P.2d 35 (Alaska, 1978).

The instant statute is impermissibly vague. It does not permit a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Id.* at 108. In *Coleman, supra,* the court found that the language of the prior ordinance, though clear, did not adequately apprise individuals of the specific behavior that is prohibited. The instant statute is identically vague chiefly because it continues to simply prohibit "loitering with an unlawful intent." *Coleman v. City of Richmond,* 5 Va. App. at 466. No specific behavior is proscribed by 20–83.1, only notice not to appear in a certain location because of an amorphous knowledge held by an unnamed entity that said location is frequented by prostitutes. Just as loitering is not unlawful, being in a certain area is not unlawful, and the statute proscribed no specific illegal conduct.

Moreover, the insertion of the word "credible" in the description of the type of explanation which the defendant must provide under Section (b)(3) separately does not cure the arbitrariness of vagueness of the statute and does not provide any true amendment from the original statute which held that the explanation must be "true." Richmond City Code Section 20–83, superceded by § 20–83.1 on October 22, 1990.

### Fifth Amendment

The requirement that the defendant be questioned and that he provide an explanation undefined by the statute in order to avoid arrest is an obvious chill of his Fifth Amendment right not to incriminate himself. Such procedure is distinguished from similar procedures in other statutes in which explanations act to raise presumptions of evidence rather than giving the police officer the right to arrest or conversely require the defendant to speak or be arrested. Here, once the opportunity to explain is afforded, the person may be arrested re-

gardless of the content of the explanation, as long as the police officer would testify that he did not find it "credible." Such context lacks any legislative guidelines to delineate between credible and incredible. *See, Kolender v. Lawson*, 461 U.S. 352 (1983); *Commonwealth v. Taylor*, General District Court of the City of Richmond, Criminal Division. As the General District Court stated:

> If [the defendant] provide[s] an explanation and it is not satisfactory, then the officer can introduce evidence of [her] statement in the prosecution of the case. If the officer finds it to be a "credible explanation," then the defendant is only entitled to do what she was doing before, which is exercising her right to appear in public and hitch a ride. If the defendant remains silent, then she is obviously not offering a "credible explanation," and the officer would then indeed under the statute have the authority to tell her to move along, something he is not entitled to do if she is not otherwise involved in an illegal activity.

*Commonwealth v. Taylor*, General District Court of the City of Richmond, Criminal Division. Of course, the defendant's silence would also allow the officer to arrest, as silence would not provide a "credible explanation" under the section.

### Fourth Amendment and Virginia Code Section 19.2–83

The General District Court of the City of Richmond, Criminal Division raised, *sua sponte*, issues concerning Fourth Amendment and Virginia Code § 19.2–83 violations. Both defendants hereby submit such arguments in support of the instant motion. Virginia Code § 19.2–83 authorizes a law enforcement officer to determine the identity of an individual that he has reasonable suspicion to believe has committed a felony. *See also, Florida v. Royer*, 460 U.S. 501 (1983). Thus, the City cannot simply punish criminally the failure to provide proper identification except under those circumstances where there is a reasonable suspicion on the officer's part that the defendant is or has been committing a felony, none of which is alleged in either of the instant cases. *Commonwealth v. Taylor*, General District Court of the City of Richmond, Criminal Division. The authority given a police officer under *Terry v. Ohio*, 392 U.S. 1 (1968), is similarly inapplicable as the "pat down" of an individual

who the officer has a reasonable suspicion is involved in illegal activity is a far less intrusive measure than that contained in the instant city ordinance. *See, Commonwealth v. Taylor,* General District Court of the City of Richmond, Criminal Division. Thus, pursuant to the fourth Amendment and Virginia statutory authority, the City ordinance is in violation of the defendants' Fourth Amendment right to be secure in his person and free from unwarranted interference from the police. *Id.*

### Conclusion

As stated in *Coleman, supra,* there are less restrictive means for addressing the problem sought to be corrected by this local ordinance. It is likely that the City could establish elements intended to be covered by the instant statute, simply through solicitation statutes which require an overt act to demonstrate an intent, which act is generally sufficient to demonstrate solicitation. *Coleman v. City of Richmond,* 5 Va. App. at 467. "Municipalities may not use ordinances to nip future crime in the bud, nor may they make conduct criminal which is less than an attempted crime." *Id.* For all of the aforementioned reasons, Richmond City Code Ordinance Section 20–83.1 does not correct the constitutional inadequacies of its predecessor. Thus, it remains violative of the defendants' constitutional and state statutory rights and cannot act as a basis for the conviction of the defendants in the instant two cases.