*586 JUSTICE KINSER,
concurring in part and dissenting in part.
I agree with the majority opinion except with respect to one issue. Therefore, I write separately to note that area of disagreement and to emphasize certain other points.
The majority is correct in concluding that, because Tran did not assign error to the trial court’s factual finding that he was using his property as a place of worship, he cannot challenge the Fairfax County zoning ordinance at issue on the basis that it is vague and overbroad as applied to him. Yet, the overbreadth and vagueness of the injunction issued by the circuit court may be indicative of the vagueness of the ordinance as applied to an individual engaging in the free exercise of religion in a private residence.
However, unlike the majority, I do not believe that Tran has asserted that the overbreadth of the zoning ordinance “chills” the free exercise of religion by other persons. In other words, he has not made a facial due process challenge. On brief, Tran stated that his “second assignment of error is that the final decree and the zoning ordinance are unconstitutionally vague as applied to him.” In responding to Tran’s argument on that assignment of error, Jane W. Gwinn, Fairfax County Zoning Administrator, noted that, to the extent that Tran may have previously raised a facial challenge, he has now abandoned that argument. Tran has not disputed Gwinn’s observation.* Thus, it is not necessary for the majority to decide that “Tran is not within the class of people who may raise a due process claim” that the zoning ordinance adversely affects the rights of others. Nevertheless, I point out that this Court has previously stated that, “when overbreadth impinges upon First Amendment guarantees, a person accused under the statute has standing to make a facial attack, even though [that person’s] own speech or conduct was not constitutionally protected; when overbreadth has only due process implications, [that person] has no standing to make a facial attack but only standing to challenge the statute as applied to his own conduct.” Stanley v. City of Norfolk, 218 Va. 504, 508, 237 S.E.2d 799, 802 (1977).
I also agree with the majority’s conclusion that, under the test set forth in Employment Division v. Smith, 494 U.S. 872, 878-80 (1990), the ordinance is neutral and generally applicable. See Cornerstone *587 Bible Church v. City of Hastings, 948 F.2d 464, 472 (8th Cir. 1991); Rector of St. Bartholomew’s Church v. City of New York, 914 F.2d 348, 354-55 (2d Cir. 1990), cert. denied, 499 U.S. 905 (1991). Under that test, “a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice.” Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993).
Nevertheless, the soundness of the Smith test continues to be questioned. See City of Boerne v. Flores, 521 U.S. 507, 544-65 (1997) (O’Connor, J., joined by Breyer, J., dissenting); id. at 565-66 (Souter, J., dissenting); id. at 566 (Breyer, J., dissenting); City of Hialeah, 508 U.S. at 559-77 (Souter, J., concurring); id. at 578 (Blackmun, J., joined by O’Connor, J., concurring). Furthermore, if the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc through 2000cc-5 (2001), is applicable to this zoning ordinance, a different test would have to be utilized to determine the ordinance’s validity under that act. The test established in 42 U.S.C. § 2000cc(a)(l) requires that “[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person . . . unless the government demonstrates that imposition of the burden on that person . . . (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest.”
For these reasons, I respectfully concur in part, and dissent in part.

 In his reply brief, Tran acknowledged that he was not contending that the zoning ordinance is unconstitutionally vague in all circumstances.