COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan


KEVIN K. STROUT

v.      Record No. 0885-03-1

CITY OF VIRGINIA BEACH                              OPINION BY
                                        JUDGE ROSEMARIE ANNUNZIATA
DEREK LEE NISBET                                    MAY 25, 2004

v.      Record No. 0886-03-1

CITY OF VIRGINIA BEACH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

(Jeanne S. Lauer; Inman & Strickler, on brief), for appellants.
Appellants submitting on brief.

(Harvey L. Bryant, III, Commonwealth's Attorney; Lee E.
Devendorf, Assistant Commonwealth's Attorney, on brief), for
appellee.  Appellee submitting on brief.


Derek Nisbet and Kevin Strout appeal their convictions for destruction of property in

violation of the City of Virginia Beach Code § 23-38.  They claim that the ordinance under

which they were convicted is invalid because it conflicts with Code § 18.2-137.[1]  For the

following reasons, we reverse their convictions.

---

[1] The City contends that defendant Strout did not challenge the validity of the ordinance
at trial and that he is therefore procedurally barred from raising it on appeal.  Rule 5A:18.  The
Statement of Facts, however, indicates that the same argument was "necessarily made on behalf
of *both defendants who were tried together* and charged identically under the same defective
ordinance."  (Emphasis added).  The Statement of Facts was signed by defense counsel and the
City attorney, and it was certified by the trial judge.  We find the Statement of Facts to be
sufficient evidence that the objection was preserved.

## I. Background

On appeal, we view the evidence, and all reasonable inferences that may be drawn, in a light most favorable to the City as the party prevailing below. Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the record establishes that Nisbet and Strout entered the yard of a residence on or about the evening of November 4, 2002. The occupants of the residence had just completed celebrating an individual's 100th birthday and were asleep when Nisbet and Strout entered the yard. Streamers, balloons, and other party decorations still adorned the yard and porch.

Nisbet and Strout destroyed some of the decorations, climbing on the roof of the porch to reach the decorations attached there. Noises coming from the roof of the porch awakened the occupants, who saw one of the defendants running away. Nisbet and Strout were subsequently charged with destruction of property in violation of the City of Virginia Beach Code § 23-38. They were convicted after a bench trial, and this appeal followed.

## II. Analysis

On appeal, defendants argue that the city ordinance under which they were convicted is invalid because it conflicts with Code § 18.2-137. They assert that the ordinance cannot be harmonized with the state code because the ordinance authorizes a penalty greater than the state provision. We agree and reverse the convictions.

"The mere fact that the State, in the exercise of its police power, has made certain regulations with respect to a subject does not prohibit a local legislature from dealing with the subject." King v. County of Arlington, 195 Va. 1084, 1088, 81 S.E.2d 587, 590 (1954). However, a local body that legislates on a subject must take care that its ordinances do not conflict with state statutes dealing with the same subject. Code § 1-13.17 provides that ordinances "must not be inconsistent with the Constitution and laws of the United States or of

this Commonwealth." It is well established that "local ordinances must conform to and not be in conflict with the public policy of the State as embodied in its statutes." King, 195 Va. at 1090, 81 S.E.2d at 591. If the statute and ordinance can be harmonized, however, the courts have a duty "to harmonize them and not nullify the ordinance." Id. at 1091, 81 S.E.2d at 591.

Code § 15.2-1429 reflects in codified form the assertion made by defendants. It provides that "no fine or term of confinement for the violation of ordinances shall exceed the penalties provided by general law for the violation of a Class 1 misdemeanor, and such penalties shall not exceed those penalties prescribed by general law for like offenses." Code § 15.2-1429.

We cannot harmonize the local and state provisions because the Virginia Beach ordinance establishes a penalty which exceeds the penalty "prescribed by general law for" the "like" offense. The City of Virginia Beach Code § 23-38 states: "If any person, unlawfully but not feloniously, takes, carries away, destroys, defaces or injures any property, real or personal, not his own, he shall be guilty of a Class 1 misdemeanor." The penalty for a Class 1 misdemeanor is defined by Code § 18.2-11(a), which provides that authorized punishment is "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."

The parallel provision of the state code dealing with destruction of property, Code § 18.2-137, provides the following:

> A. If any person unlawfully destroys, defaces, damages or removes without the intent to steal any property, real or personal, not his own, . . . he shall be guilty of a Class 3 misdemeanor . . . .
>
> B. If any person intentionally causes such injury, he shall be guilty of (i) a Class 1 misdemeanor if the value of or damage to the property . . . is less than $1,000 or (ii) a Class 6 felony if the value of or damage to the property . . . is $1,000 or more.

The punishment authorized for unlawful destruction of property, a Class 3 misdemeanor, is a fine of not more than $500. Code § 18.2-11(c).

Here, the defendants were convicted of unlawful destruction of property. The City of Virginia Beach ordinance classifies unlawful destruction of property as a Class 1 misdemeanor, punishable by a fine not exceeding $2,500 and up to twelve months in jail.[2] Under the general law of the Commonwealth, the offense is classified as a Class 3 misdemeanor, punishable only by a fine not exceeding $500. The City of Virginia Beach ordinance criminalizing destruction of property manifests a conflict with state law in violation of Code § 15.2-1429 because the penalty that attaches under the ordinance exceeds the penalty for the "like" offense found in Code § 18.2-137.[3] See also Granny's Cottage, Inc. v. Town of Occoquan, 3 Va. App. 577, 582, 352 S.E.2d 10, 14 (1987) ("The penalty provision . . . is inconsistent with existing state law, and as mandated by Code § 1-13.17, cannot stand."). We therefore reverse Nisbet's and Strout's convictions. See Parker v. City of Newport News, 17 Va. App. 253, 255, 436 S.E.2d 290, 292 (1993).

Reversed and dismissed.

_____

[2] City of Virginia Beach Code § 23-38 was last amended in 1979. At that time, both the ordinance and the general law of the Commonwealth criminalized "unlawful" destruction of property and classified the crime as a Class 1 misdemeanor. In 1999, however, the state code was amended. The state code now classifies "unlawful" destruction of property as a Class 3 misdemeanor. The City of Virginia Beach has not amended its ordinance to reflect the change in the state code.

[3] The City did not argue that the ordinance could be saved by severing the invalid penalty provision. We therefore do not address whether it would have been possible to harmonize the ordinance with the general law, avoid nullifying the ordinance as a whole, and apply a more narrow remedy addressing only the penalty provision. See King, 195 Va. at 1092-93, 81 S.E.2d at 592-93; cf. Elliott v. Commonwealth, 267 Va. 464, 472, 593 S.E.2d 263, 268 (2004) (holding, under Code § 1-17.1, that it is the court's duty to consider, *sua sponte*, severability as it may relate to *state* statutes in the context of a constitutional challenge).

- 4 -