COURT OF APPEALS OF VIRGINIA

Present:  Judges Haley, Beales and Alston
Argued at Alexandria, Virginia


GERALD JERMAINE PEARSON

MEMORANDUM OPINION* BY
v.       Record No. 2422-10-4       JUDGE RANDOLPH A. BEALES
                                          JANUARY 17, 2012
CITY OF FALLS CHURCH


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

Allison H. Carpenter, Assistant Public Defender (Sara M. Bieker,
Assistant Public Defender; Office of the Public Defender for
Arlington County and the City of Falls Church, on brief), for
appellant.

John E. Foster (Office of the City Attorney, on brief), for appellee.


Gerald Jermaine Pearson (appellant) was charged with two counts of injuring or

tampering with a vehicle, in violation of Virginia Code § 18.2-146, and one count of trespass in

violation of City of Falls Church City Code § 28-72[1] (City Code § 28-72).  The jury convicted

appellant of trespass and found him not guilty of the remaining count of tampering.[2]  On appeal,

appellant argues that the trial court erred in failing to grant his motion to declare City Code

§ 28-72 unconstitutional and invalid on the grounds that it is "facially unconstitutional" and that

it violates the Dillon Rule.  In addition, appellant argues that the evidence was insufficient as a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "It shall be unlawful for any person to walk, ride or drive upon the land owned, leased
or occupied by another person, between the hours of 11:00 p.m. and 7:00 a.m., without the
consent of the person entitled to possession of such premises."  City Code § 28-72.

[2] Appellant's motion to strike the other count of tampering with a vehicle was granted.

matter of law to sustain his trespassing conviction because the City of Falls Church (the City) failed to prove the element of time as required under City Code § 28-72. For the following reasons, we conclude that the trial court did not err, and, therefore, we affirm this conviction on appeal.

## I. BACKGROUND

At trial, appellant was convicted of violating City Code § 28-72 by trespassing onto the property of Koons Auto Body Shop in the City of Falls Church between the hours of 11:00 p.m. and 7:00 a.m. on December 20, 2009. The record on appeal contains a written statement of facts in lieu of a transcript of the trial proceedings. See Rules 5A:7(a)(7); 5A:8(d). The written statement of facts reflects the following evidence and arguments presented at trial.

John Morris, the manager of Koons Auto Body Shop, testified that he did not give appellant permission to be on the lot of Koons Auto Body Shop in the early morning hours of December 20, 2009, at approximately 1:00 a.m. Morris described the body shop, stating that the back part of the body shop lot has an eight-to-ten-foot chain-link fence surrounding it, with barbed wire at the top.[3] He also testified there were security cameras on 24 hours a day, seven days a week – and they were monitored from 10:00 p.m. until 5:00 a.m. each night.

Officer Alan Freed of the Falls Church Police Department, who "responded to a call" that someone was on the Koons property, also testified for the City. During Officer Freed's direct examination at trial, the prosecutor asked, "Were you in uniform and displaying your badge of authority in the *early morning hours* of December 20th, 2009 within the confines of the City of Falls Church?" (Emphasis added). Officer Freed responded, "Yes sir." The prosecutor then asked Officer Freed, "Did you have the opportunity to come into contact with the defendant

---

[3] Morris also testified that the two sliding gates separating the aisles in the front lot from the back lot had been left open on the date in question to allow snow plows through to plow the lot (although the snow plows apparently did not, in fact, actually plow the lot at that time).

Gerald Jermaine Pearson?" Officer Freed responded, "Yes sir." Officer Freed *identified appellant as who he encountered within the property of Koons Auto Body Shop on that date.* Officer Freed also testified that appellant was wearing a long black coat "as described by the people that were giving us the information."[4]

Appellant moved to strike the trespass charge on the basis that the City failed to present sufficient evidence of the time of day that Officer Freed found appellant in the Koons lot, even though "between the hours of 11:00 p.m. and 7:00 a.m." is an element of this crime, as stated in City Code § 28-72. In response to appellant's motion, the prosecutor stated that the trial court's recollection would control, but believed he remembered asking Officer Freed "what brought his attention to the early morning hours of December 20, 2009 and the *officer responded at 1:04 a.m. he had received a call of people on the property and that's what he responded to*." (Emphasis added). Furthermore, the written statement of facts states that nothing indicated "that the correct time of responding to the call and taking the Defendant into custody was other than approximately 1 a.m. in the early morning hours of Sunday, December 20, 2009." Thus, the trial court denied the motion to strike.

Appellant did not present any witnesses in the guilt phase of the trial. At the close of the evidence, appellant renewed his motion to strike the City's evidence on the trespass charge, arguing that the evidence was insufficient to support a finding of guilt. The court denied that motion, stating that the issue of timing on the trespass charge was factual and, thus, should be decided by the jury.

---

[4] The statement of facts reflects that, after appellant was taken into custody during the early morning hours of December 20, 2009, the magistrate signed arrest warrants for automobile tampering at *5:33 a.m.* and *5:36 a.m.* and also signed a summons for trespassing at *5:45 a.m.* According to the statement of facts, "The summons and warrants of arrest were not admitted into evidence and were not presented to the jury, but are part of the record per Rule 5A:7." See Rule 5A:7(a)(7) (explaining that the record on appeal includes "the transcript of any proceeding or a written statement of facts, testimony, and other incidents of the case").

The jury found appellant guilty of trespass under City Code § 28-72, and the trial court denied appellant's post-trial motion to set aside this verdict.

## II.  ANALYSIS

City Code § 28-72 – the ordinance challenged by appellant – states, "It shall be unlawful for any person to walk, ride or drive upon the land owned, leased or occupied by another person, between the hours of 11:00 p.m. and 7:00 a.m., without the consent of the person entitled to possession of such premises."

### A.  Constitutional Challenge to City Code § 28-72

In his first assignment of error, appellant argues that the trial court erred in failing to grant his motion to declare City Code § 28-72 unconstitutional and invalid on the ground that it is "*facially* unconstitutional" in violation of the Fourteenth Amendment's Due Process Clause. (Emphasis added).  However, appellant's *facial* challenge to City Code § 28-72 is barred because appellant did not have standing.  In addition, appellant did not include an *as-applied* challenge to the ordinance in his assignments of error, as is required under Rule 5A:12 and controlling case law.

> As a general rule, a defendant has standing to challenge the constitutionality of a penal statute only when his own speech or conduct was constitutionally protected or when the language of the statute "as applied" to his conduct was impermissibly vague; *if his conduct was not constitutionally protected and was clearly proscribed by the language of the statute, he has no standing to mount a facial challenge* charging that the statute could be unconstitutional if applied to other conduct of other people under other circumstances.

Stanley v. Norfolk, 218 Va. 504, 506, 237 S.E.2d 799, 800 (1977) (emphasis added).[5]  "This general rule reflects two 'cardinal principles' of our constitutional order: the personal nature of

---

[5] "A limited exception has been recognized for statutes that broadly prohibit speech protected by the First Amendment.  This exception has been justified by the overriding interest in removing illegal deterrents to the exercise of the right of free speech.  County Court v. Allen,

constitutional rights and the prudential limitations on constitutional adjudication." Cottee v.

Commonwealth, 31 Va. App. 546, 553, 525 S.E.2d 25, 29 (2000).

Here, appellant's assignment of error specifically alleges that City Code § 28-72 is

"*facially* unconstitutional," but it does not raise an *as-applied* challenge. (Emphasis added).

Because appellant's "conduct was not constitutionally protected and was clearly proscribed by

the language of the" city ordinance,[6] "he has no standing to mount a facial challenge." Stanley,

218 Va. at 506, 237 S.E.2d at 800.

Moreover, appellant's attempts at making an *as-applied* challenge in his appellate brief –

even though an *as-applied* challenge is not alleged in his assignment of error on appeal – are

barred under Rule 5A:12(c)(1)(i). In a *facial* challenge, like appellant's, the issues are limited to

the validity of the statute itself.

Thus, appellant does not have standing to mount a facial challenge, and his as-applied

challenge is barred under Rule 5A:12. Consequently, this Court simply may not address the

merits of appellant's arguments regarding the constitutionality of City Code § 28-72. Stanley,

218 Va. at 506, 237 S.E.2d at 800.

### B. The Validity of City Code § 28-72 Under the Dillon Rule

Appellant also argues that the trial court erred in failing to grant his motion to declare

City Code § 28-72 invalid because it violates the Dillon Rule, which states that "municipal

---

442 U.S. 140, 154-155 (1979). The First Amendment exception does not apply here in this challenge under the Due Process Clause of the Fourteenth Amendment.

[6] Appellant's conduct was "clearly proscribed" by City Code § 28-72. An eight-to-ten-foot chain-link fence with barbed wire along the top surrounded the Koons Auto Body Shop lot. Appellant was observed – and then arrested – by Officer Freed "in the early morning hours" of December 20, 2009 inside the Koons Auto Body Shop lot. Morris, the manager of the body shop, testified that appellant did not have permission to be inside the property at that time. Therefore, appellant was on land owned by another (Koons), between the hours of 11:00 p.m. and 7:00 a.m., without the consent of Koons Auto Body Shop, in violation of City Code § 28-72.

governments have only those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable." City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999) (citing Commonwealth v. County Board of Arlington County, 217 Va. 558, 574, 232 S.E.2d 30, 40 (1977)).

A challenge to the authority of a locality to adopt a criminal ordinance is a legal issue that is considered by the appellate court *de novo*. See King v. County of Arlington, 195 Va. 1084, 1088, 81 S.E.2d 587, 590 (1954). On appeal, "[i]f the statute and ordinance can be harmonized . . . the courts have a duty 'to harmonize them and not nullify the ordinance.'" Strout v. City of Virginia Beach, 43 Va. App. 99, 102, 596 S.E.2d 529, 530 (2004) (quoting King, 195 Va. at 1088, 81 S.E.2d at 590).

### 1. Express Authority to Enact City Code § 28-72

Appellant argues that the City has no express power or implied power to regulate trespassing from 11:00 p.m. to 7:00 a.m. However, it is clear that the City has the express power to enact City Code § 28-72 pursuant to Virginia Code § 15.2-1102, which states in relevant part:

> [a] municipal corporation shall have . . . all powers . . . pertinent to the conduct of the affairs and functions of the municipal government, the exercise of which is not expressly prohibited by the Constitution and the general laws of the Commonwealth, and which are *necessary or desirable to secure and promote the general welfare of the inhabitants of the municipality and the safety . . . peace [and] good order . . .* and the enumeration of specific powers shall not be construed or held to be exclusive or as a limitation upon any general grant of power, but shall be construed and held to be in addition to any general grant of power.

(Emphasis added).

Certainly, City Code § 28-72's regulation of trespass in the City of Falls Church from 11:00 p.m. to 7:00 a.m. is "necessary [and] desirable to secure and promote the general welfare"

of its people and "the safety . . . peace [and] good order" of the City.[7] Virginia Code § 15.2-1102. Many crimes are committed at night, and City Code § 28-72 is an ordinance reasonably intended to help detect and prevent those crimes from occurring. City Code § 28-72 plainly furthers the reasonable objective of preventing crime, protecting life and property, and preserving the peace. Accordingly, the City had the express authority – under Virginia Code § 15.2-1102 – to prohibit trespass from 11:00 p.m. to 7:00 a.m. Thus, City Code § 28-72 is validly enacted under the Dillon Rule.

### 2. Implied Authority to Enact City Code § 28-72

Furthermore, the City also has the implied power to enact City Code § 28-72. We disagree with appellant's arguments that the City did not have the implied power to enact this ordinance because it impermissibly deviates from the Commonwealth's own trespassing statute found in the Code of Virginia.

Appellant argues that the legislature did not contemplate any deviation from Virginia Code § 18.2-119 (the Commonwealth's trespassing statute) without an express delegation to localities. However, the Supreme Court of Virginia held that

> the mere fact that the State, in the exercise of its police power, has made certain regulations with respect to a subject does not prohibit a local legislature from dealing with the subject. Both the State and its local governmental agency may have *concurrent jurisdiction* over the same subject matter relating to local affairs.

King, 195 Va. at 1088, 81 S.E.2d at 590 (emphasis added). Under King, Virginia and the City of Falls Church have "concurrent jurisdiction" over trespass crimes in the City. Id. The fact that

---

[7] Appellant argues that City Code § 28-72 also violates the Dillon Rule because it is a "strict liability" trespass ordinance that does not expressly mention the element of intent. However, City Code § 28-72 creates no more of a strict liability offense than the Commonwealth's own trespass statute, Code § 18.2-119, which also lacks an express requirement of intent. See Jones v. Commonwealth, 18 Va. App. 229, 232, 443 S.E.2d 189, 191 (1994); see also Campbell v. Commonwealth, 41 Va. (2 Rob.) 791, 791 (1843); Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d 274, 278 (1988).

Virginia has enacted the Commonwealth's trespassing statute does not prohibit the City of Falls Church from *also* addressing trespass in its own local criminal ordinance.

Appellant also argues that City Code § 28-72 contravenes the General Assembly's express intent to prohibit trespassing in Virginia Code § 18.2-119, based upon common law elements of trespass. Appellant contends that the City of Falls Church recognized this intent and enacted another city ordinance (City Code § 28-73), which almost exactly mirrors the Commonwealth's trespassing statute's use of the common law elements of trespass. By then also creating an additional ordinance in City Code § 28-72, appellant believes the City has acted against the General Assembly's intent.

However, while City Code § 28-73 mirrors the Commonwealth's trespassing statute almost exactly, City Code § 28-72 addresses essentially the same behavior – but in a specific time frame – and this additional requirement is *not inconsistent* with the Commonwealth's trespassing statute.

Under the Supreme Court's opinion in King, a locality may adopt "local legislation *not inconsistent* with the provisions in the state law." 195 Va. at 1089, 81 S.E.2d at 590 (emphasis added). Here, the time requirement of City Code § 28-72 is "*not inconsistent*" with the Commonwealth's trespassing statute. Id. (emphasis added). Like the Commonwealth's trespassing statute, City Code § 28-72 prohibits the public from going onto the property of another without the right to do so. The only additional provision is that City Code § 28-72 prohibits trespass by going on another's property between 11:00 p.m. and 7:00 a.m. without the owner's consent.

In King, the Supreme Court explained:

> "The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal bylaw are

not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription. *Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective.* Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail." 37 Am. Jur., Municipal Corporations, § 165, p. 790. <u>See also</u>, McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 23.07, p. 392 ff.

<u>King</u>, 195 Va. at 1090-91, 81 S.E.2d at 591 (emphasis added).

Like the ordinance in <u>King</u>, City Code § 28-72 supplements the Commonwealth's trespassing statute, but does not contradict it. Therefore, City Code § 28-72 does not contravene the General Assembly's intent in enacting the Commonwealth's trespassing statute. Furthermore, this Court also has a "duty 'to harmonize'" City Code § 28-72 and the Commonwealth's trespassing statute if at all possible. <u>Strout</u>, 43 Va. App. at 102, 596 S.E.2d at 530 (quoting <u>King</u>, 195 Va. at 1088, 81 S.E.2d at 590).

Accordingly, because the City had the express and implied power to enact City Code § 28-72, it is valid under the Dillon Rule.

### C. <u>Sufficiency of the Evidence</u>

Appellant also argues that the evidence was insufficient as a matter of law to sustain his trespassing conviction because the City failed to prove the element of time – i.e., that appellant was on the property from 11:00 p.m. to 7:00 a.m. – as required under City Code § 28-72.

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable

doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the [City], as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. It is this Court's duty to look to the evidence which supports the conviction and to permit the conviction to stand unless the factfinder was plainly wrong. Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009).

Appellant contends that the City built its case that he trespassed between 11:00 p.m. and 7:00 a.m. on insufficient circumstantial evidence. Specifically, he argues that Morris, the manager of Koons Auto Body Shop, was not present at the time of the incident, argues that Officer Freed was never asked and did not testify to a specific time during which the incident occurred, and argues that the phrase "early morning hours" testified to by Officer Freed could extend beyond 7:00 a.m., the outer limit on City Code § 28-72's criminalized time frame.

However, the jury was entitled to disagree with appellant's arguments as long as it did not "arbitrarily disregard a reasonable hypothesis of innocence." Cooper v. Commonwealth, 54 Va. App. 558, 573, 680 S.E.2d 361, 368 (2009). There was abundant testimony presented at trial that a "rational trier of fact," Kelly, 41 Va. App. at 257, 584 S.E.2d at 447, could have considered along with all "reasonable inferences" that may be drawn from that evidence in the

City's favor, so as to have found that appellant was trespassing between the hours of 11:00 p.m. to 7:00 a.m. <u>Jackson</u>, 443 U.S. at 319. That evidence is as follows:

Morris testified that the security cameras at Koons Auto Body Shop were monitored every day – including the date of the incident, December 20, 2009 – from 10:00 p.m. to 5:00 a.m. Officer Freed testified that on December 20, 2009, he "responded to a call" at Koons Auto Body Shop. When viewing this evidence in the light most favorable to the City, as the prevailing party below, <u>Riner</u>, 268 Va. at 330, 601 S.E.2d at 574, it is a "reasonable inference" that Officer Freed responded to a call initiated by the persons who were responsible for monitoring Koons's security cameras from 10:00 p.m. to 5:00 a.m. <u>Jackson</u>, 443 U.S. at 319. Moreover, the jury heard Officer Freed testify that appellant was wearing a long black coat "as described by the people that were giving us the information." It is also a "reasonable inference," <u>id.</u>, that the "people that were giving [Officer Freed] the information" about appellant's long black coat were the same people who monitored the security cameras between 10:00 p.m. and 5:00 a.m. These three pieces of evidence – testified to by Morris and Officer Freed – establish a "reasonable inference" that appellant was on the Koons property without consent on December 20, 2009 between 10:00 p.m. and 5:00 a.m. <u>Id.</u>

However, the jury heard even more evidence which further narrowed the window of time in which appellant was caught trespassing on Koons's property. Officer Freed identified appellant as a man he encountered in the lot of Koons Auto Body Shop. He also testified that he arrested appellant and placed him into custody "*in the early morning hours*" of December 20, 2009. (Emphasis added). It is a "reasonable inference" that the arrest occurred between 12:00 midnight and 5:00 a.m. on December 20, 2009 because those are the only *morning* hours in which the security cameras at Koons Auto Body Shop were monitored. <u>Id.</u> This inference is even more reasonable in light of the portion of the statement of facts stating that there was

nothing indicating "that the correct time of responding to the call and taking the Defendant into custody *was other than* 1 a.m. in the early morning hours of Sunday, December 20, 2009." (Emphasis added).

The jury made "reasonable inferences from" all of these "basic facts" presented at trial and reasonably concluded the "ultimate fact" that appellant was trespassing between 11:00 p.m. and 7:00 a.m. on December 20, 2009. Id. Accordingly, a rational trier of fact could have examined all of this evidence and found the essential elements of trespass under City Code § 28-72 beyond a reasonable doubt. Kelly, 41 Va. App. at 257, 584 S.E.2d at 447.

For the first time on appeal, appellant emphasizes that December 20, 2009 was one of the shortest days of the year and that a major snowstorm occurred around that date. He argues that these facts would indicate it was more difficult on that date for an individual to ascertain or remember the time of day with precision. However, these arguments were not preserved below and, consequently, under Rule 5A:18, they are barred on appeal.[8]

Viewing the evidence in the light most favorable to the City, "as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, the evidence at trial and all "reasonable inferences" that may be drawn from that evidence are sufficient to support

---

[8] Under Rule 5A:18, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004). Here, appellant's motion to strike after the City's evidence was limited, in pertinent part, to the following: "[T]he City's evidence was insufficient as a matter of law as to the Trespass charge on the basis that the City failed to present evidence of the time of day that Officer Freed found Mr. Pearson in Koon's lot, where 'between the hours of 11:00 p.m. and 7:00 a.m.' is an element of the City Code § 28-72 Trespass ordinance." The motion makes a reference to Officer Freed's testimony, but says nothing about December 20 being one of the shortest days of the year or a snowstorm. In addition, the renewed motion to strike only states that the evidence was insufficient. Neither motion addresses – and therefore preserved – these arguments under Rule 5A:18.

the jury's guilty verdict that appellant was trespassing between 11:00 p.m. and 7:00 a.m. Jackson, 443 U.S. at 319. We certainly cannot say that no rational factfinder could conclude as the jury did here.

### III. CONCLUSION

In summary, appellant does not have standing to mount a *facial* challenge and his *as-applied* challenge is barred. Thus, this Court cannot address the merits of appellant's constitutional challenge to City of Falls Church Code § 28-72.

Furthermore, City Code § 28-72 is not invalid under the Dillon Rule because the City of Falls Church acted under its express and implied authority when it enacted City Code § 28-72 pursuant to Virginia Code § 15.2-1102 because it is reasonably necessary to promote "the safety . . . peace and good order" in the City of Falls Church by prohibiting trespass at night in an effort to decrease crime at night. Virginia Code § 15.2-1102. City Code § 28-72 also satisfies the requirements of the Dillon Rule because it is "not inconsistent" with Virginia Code § 18.2-119, the Commonwealth's trespassing statute. King, 195 Va. at 1089, 81 S.E.2d at 590.

Finally, the jury was not "plainly wrong," Williams, 278 Va. at 193, 677 S.E.2d at 282, in finding sufficient evidence to convict appellant under City Code § 28-72. Given the evidence presented at trial and the "reasonable inferences" the jury is entitled to make, Jackson, 443 U.S. at 319, we cannot say that no "rational trier of fact" could have concluded appellant was on the lot of Koons Auto Body Shop without consent sometime between 11:00 p.m. and 7:00 a.m. Therefore, viewing the evidence under the required appellate standard of review, we believe that the jury was certainly able to have found the essential elements of trespass under City Code § 28-72 beyond a reasonable doubt. Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. Accordingly, for the foregoing reasons, we affirm.

Affirmed.